## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| SHAWN KEITH YOUNGBLOOD AND RYAN KEITH ROHAN, As Heirs of EVELYN BRADFORD, Deceased, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO. _____ ) |
| CHARLES NICHOLAS BRADFORD, III, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

COME NOW the Plaintiffs in the above styled cause, and submit the following Complaint in this matter:

1. This action seeks to recover certain property and assets misappropriated from Evelyn Bradford before her death on May 20, 2022, together with interest, other income, gains and profits thereon. It also seeks a declaratory judgment, preliminary injunction, an accounting, the imposition of a constructive trust and damages.

2. This Court has jurisdiction under 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this Court because substantial events surrounding this claim occurred in this judicial district and the defendant is subject to personal jurisdiction in this judicial district.

## THE PLAINTIFFS

4. The Plaintiff, Shawn Keith Youngblood ("Shawn Youngblood"), is the son of Ronald Keith Bradford, and the grandson of Evelyn Bradford. He is a direct heir of Evelyn Bradford and a resident of Autauga County, Alabama.

5. The Plaintiff, Ryan Keith Rohan ("Ryan Rohan"), is the son of Elizabeth Sunset Bradford, and the grandson of Evelyn Bradford. He is a direct heir of Evelyn Bradford and a resident of Forsyth County, Georgia.

## THE DEFENDANT

6. Charles Nicholas Bradford, III ("Nick Bradford") is over the age of nineteen (19) years and a resident of Texas. He is the only surviving child of Evelyn Bradford and a direct heir.

## EVELYN BRADFORD

7. Evelyn Bradford lived most of her adult life in Autauga County, Alabama. She was born in 1933 and died on May 20, 2022. She was married to Charles Bradford and divorced in 1982. He is still living. They had three children together, Charles Nicholas Bradford, III, (the Defendant), Elizabeth Sunset Bradford (deceased mother of Plaintiff Ryan Keith Rohan) and Ronald Keith Bradford (deceased father of Plaintiff, Shawn Keith Youngblood). Evelyn remarried to Lawrence McReynolds and he died in 2012. After his death, Evelyn lived by herself in her home located at 213 Gail St., Prattville, Alabama until December 2021, when she went to Texas. Her health started to decline in 2021 and necessitated her move to Texas, where her only living child was located. She was located in Texas and a Hospice patient at the time of her death.

8. Upon information and belief, Evelyn Bradford prepared a Will and Power of Attorney in 2014. A copy of the Power of Attorney is attached as Exhibit "A." The Power of Attorney contained "SPECIAL INSTRUCTIONS", providing that "[t]his power of attorney shall become effective only upon my disability as determined in accordance with the laws of the state of Alabama."

9. The signed Will of Evelyn Bradford is in the possession of Nick Bradford, and Evelyn Bradford's attorney who is a resident of Prattville, AL. Nick Bradford was named as executor of the Will. The plaintiffs have requested a copy of the signed Will from both Nick Bradford and the attorney, and to date the signed Will has not been produced. The plaintiffs have a copy of the unsigned Will, and a copy is attached as Exhibit "B." Upon information and belief, there were no changes to the Will prior to Evelyn's death.

10. Upon information and belief, the estate of Evelyn Bradford has been improperly drained of assets by Nick Bradford, and there is no plan to probate the estate.

11. Although Evelyn Bradford suffered from medical issues in the last few months of her life, prior to her death, she had never been found to be suffering from a disability as determined in accordance with the laws of the State of Alabama.

12. Upon information and belief, Evelyn Bradford owned a paid-up life insurance policy on which her three children were beneficiaries. The policy is in the possession of Nick Bradford, and he refuses to provide a copy to the Plaintiffs.

13. Upon information and belief, prior to her death Evelyn Bradford possessed financial assets in the form of land, stocks, bank accounts, securities, and other funds, which should now be part of her estate. These include an annuity on which her children, Ronald Keith Bradford and Nick Bradford were beneficiaries. The annuity is in the possession of Nick Bradford. Upon information and belief, this annuity had previously listed all three of Evelyn Bradford's children as beneficiaries on the annuity. Subsequent to the death of Elizabeth Sunshine Bradford, Nick Bradford used his confidential relationship and undue influence over Evelyn to cause her to remove Elizabeth Sunshine Bradford as beneficiary and divert those funds to himself and his brother, who was living at the time of the death of Elizabeth Sunshine Bradford.

14. Upon information and belief, prior to her death Evelyn Bradford owned a parcel of property in Kendall County, Texas which should now be part of her estate.

15. Upon information and belief, prior to her death Evelyn Bradford owned a financial account at Regions Bank on which Ronald Keith Bradford was a beneficiary. Shortly following her discharge from the hospital in 2021, Nick Bradford used his confidential relationship and undue influence over Evelyn Bradford to have her close out the account and the funds made payable to her and Nick Bradford jointly. These funds should now be part of her estate.

16. Upon information and belief, prior to her death Evelyn Bradford owned several financial accounts at Max Credit Union. Subsequent to the death of Elizabeth Sunshine Bradford, Nick Bradford used his confidential relationship and undue influence over Evelyn Bradford to have his name added as a joint owner on these accounts. These accounts should now be part of her estate.

17. Upon information and belief, prior to her death Evelyn Bradford owned stock in Southern Company, Dominion, and other corporations. These stocks should now be part of her estate.

## THE POWER OF ATTORNEY

18. Upon information and belief, immediately upon learning of the seriousness of his mother's health, and likely imminent death, Nick Bradford improperly used the Power of Attorney to deed certain real property to himself on May 16, 2022. A copy of the deed is attached hereto as Exhibit "C." The Power of Attorney Affidavit that references the Deed is attached as Exhibit "D." Upon information and belief, Nick Bradford also improperly used the Power of Attorney to transfer other assets to himself.

19. The Power of Attorney did not authorize the transfer of Evelyn Bradford's property or other assets to Nick Bradford.

20. As stated above, the Power of Attorney contained "Special Instructions" regarding the Power of Attorney's effectiveness:

    **"This power of attorney shall become effective upon my disability as determined in accordance with the laws of the state of Alabama."**

    There was no determination that Evelyn Bradford was disabled prior to her death on May 20, 2022. Thus, the Power of Attorney **by its own terms** was not effective during Evelyn Bradford's lifetime, and all acts pursuant to the Power of Attorney were invalid, void and of no effect. This includes the attempt to transfer real property by deed on May 16, 2022.

## THE MISAPPROPRIATION OF EVELYN BRADFORD'S ASSETS

21. Using the Power of Attorney, Nick Bradford wrongfully deeded property and other assets to himself on or about May 16, 2022. The value of the real property is approximately $750,000 - $1,000,000. The value of the other assets that were wrongfully transferred by Nick Bradford is currently unknown.

22. Upon information and belief, Evelyn Bradford's Will devised her real property and the "rest, residue and remainder" of her estate to her three (3) children, per stirpes. Prior to her death Evelyn Bradford never expressed any intent to transfer the property and assets in question to Nick Bradford. She had already deeded her home property at 213 Gail Street, Prattville and a parcel of land located in Kendall County, TX to herself and Nick Bradford with right of survivorship.

23. The Plaintiffs aver that there was no consideration for any of the transfers and misappropriations of cash, stocks, securities, real property and other assets. Nor did Evelyn Bradford consent to or ratify any of the foregoing transfers and misappropriations, nor were they in her best interest. Plaintiffs further aver that the

transfers were not in the best interest of the Evelyn Bradford's estate, they did not reduce the estate tax payable at Evelyn Bradford's death, nor were the transfers in accordance with Evelyn Bradford's personal history of making or joining in the making of lifetime gifts. Further, the transfers were not necessary in maintaining the care of Evelyn Bradford.

## CAUSES OF ACTION AND PRAYER FOR RELIEF

24. Based on the foregoing, conduct and allegations, plaintiffs assert causes of action and claims against the defendant for (a) abuse of confidential relationship, (b) undue influence, (c) breach of fiduciary duty, (d) conversion, (e) fraud, and (f) money had and received.

25. As their prayer for relief, plaintiffs seek (a) restitution, (b) the imposition of a constructive trust, and (c) an accounting followed by the return of all money, stocks, securities, real property, and other assets wrongfully acquired, transferred, and misappropriated from Evelyn Bradford's estate by the Defendant. Plaintiffs also request an award of actual and exemplary damages based on the intentional, oppressive, and malicious acts and conduct of the Defendant.

## CLAIM FOR DECLARATORY JUDGMENT

26. The Power of Attorney improperly used by Nick Bradford to transfer property and assets is void and not effective because the principal, Evelyn Bradford, had never been determined to be disabled under Alabama law.

27. An actual, present and justiciable controversy has arisen between Nick Bradford and Plaintiffs concerning the transfer of property and assets with a void Power of Attorney and in breach of fiduciary duty and bad faith.

28. Plaintiffs seek declaratory judgment from this Court that the Power of Attorney is void and that all transfers of property or assets are void and ineffective.

29. In the Will of Evelyn Bradford, Item VI, reveals the intent of Evelyn Bradford in establishing an equal division of her real and personal property to her three children upon her death. Assuming, *arguendo*, that the Power of Attorney was in effect, Nick Bradford as the Attorney-in Fact, was charged with a duty of preserving the estate of Evelyn Bradford and abstaining from any actions, gift or otherwise, which thwarts the intent of her estate plan.

30. Alabama law requires that anyone acting under a power of attorney is charged with a fiduciary duty such that the attorney in fact shall take no action that will diminish the value of the estate assets thereby harming the intended beneficiaries.

31. The Plaintiffs assert that any distribution of property or assets of Evelyn Bradford favoring one of the children violates the intent of Evelyn Bradford, is not allowed by the Will or the Power of Attorney of Evelyn Bradford and diminishes the value of Evelyn Bradford's assets and estate in violation of Alabama law.

32. The Last Will and Testament of Evelyn Bradford requires that the Personal Representative distribute the property and assets as directed by the Will including disbursing the real and personal property to the children equally, per stirpes. The content of the Will was known to Nick Bradford, the Executor, as of the execution of the Will in 2014.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs respectfully ask the Court to declare:

a. (a)That the power of attorney was never in effect and therefore all transactions made with the Power of Attorney are void;

b. (b)That the deed attached hereto as Exhibit C be declared null and void and of no effect and, to the extent that the same constitutes a cloud on the title of the real property owned by Evelyn Bradford, that the Court order nullifying the deed be recorded in the Probate Court of Autauga County, Alabama;

c. (c)That to the extent the Court finds the Power of Attorney effective, that the Alabama Uniform Power of Attorney Act requires that the agent, Nick Bradford, preserve the assets of the principal, Evelyn Bradford, and does not allow or authorize the attorney in fact to waste the assets of the estate by transferring property and assets to himself;

d. (d)That the Alabama Uniform Power of Attorney Act prohibits gifting of the estate assets and the purported deed from Evelyn Bradford to Nick Bradford by Power of Attorney is void for lack of authority by the Attorney in Fact;

e. (e)That the real property made the subject of the deed is rental property and a constructive trust is needed to preserve the rental income from the property.

f. (f) That any life insurance policy owned by Evelyn Bradford where the Plaintiffs or any other heir were beneficiaries be produced to the Plaintiffs.

g. (g) That any annuities owned by Evelyn Bradford where the Plaintiff or any other heir were beneficiaries be produced to the Plaintiffs.

    h.    (h) That any other financial accounts or stocks owned by Evelyn Bradford be produced to the Plaintiffs.

**Pursuant to Rule 57 of the Federal Rules of Civil Procedure, the Plaintiffs request a speedy hearing on the issue of the Declaratory Judgment**.

### PETITION FOR ACCOUNTING AND FOR NULLIFICATION OF THE POWER OF ATTORNEY OF EVELYN BRADFORD

29. Pursuant to Alabama Code § 26-1A-116, the Plaintiffs request that the attorney in fact, Nick Bradford, provide an accounting to this Court so that this action and any other actions of the attorney in fact can be reviewed and the assets of the estate of Evelyn Bradford be accounted for;

30. Pursuant to Alabama Code § 26-1A-116, the Plaintiffs petition the Court, due to the attorney in fact, Nick Bradford, deeding the principal's property and other assets to himself in direct contravention to the principal's Will, and in breach of his fiduciary duties to the principal and beneficiaries of the Will, to nullify the authority of Nick Bradford as attorney in fact or executor of Evelyn Bradford's estate, and require him to provide an accounting, and for this Court to name a Conservator or Trustee to succeed in preserving the estate of Evelyn Bradford.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that this Court order the attorney in fact, Nick Bradford, to submit an accounting to the Court and Plaintiffs, and to remove Nick Bradford as executor of Evelyn Bradford's Will and appoint a Conservator or Trustee to oversee the Estate of Evelyn Bradford and protect the interest of the beneficiaries.

### CLAIM FOR PRELIMINARY INJUNCTION

31. The Plaintiffs aver that Nick Bradford has improperly deeded real property to himself in as reflected in Exhibit B attached hereto. This property should have gone to Evelyn Bradford's three (3) children per stirpes. This property is located in Autauga County, Alabama, generates rental income and upon information and belief has not yet been sold.

32. If the property in question is sold by Nick Bradford, the Plaintiffs and other beneficiaries of the Will may suffer irreparable harm.

33. Upon information and belief, Nick Bradford has improperly transferred other property and assets of Evelyn Bradford to himself that may be discovered by an accounting.

34. The Plaintiffs seek a preliminary injunction from this Court that the property not be sold until the property can be re deeded to the estate of Evelyn Bradford for distribution pursuant to the Will of Evelyn Bradford. Further, that a preliminary injunction be entered freezing any and all bank accounts and/or financial accounts of Nick Bradford until an accounting has been submitted and analyzed by this Court and beneficiaries of the Will.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that a preliminary injunction be entered preventing the sale of the property identified in Exhibit C, as well as any other real property that may have been deeded to Nick Bradford and any personal property and freezing the financial accounts of Nick Bradford to prevent wasting of the estate of Evelyn Bradford.

## COMPLAINT FOR BREACH OF FIDUCIARY DUTY

35. The Defendant, Nick Bradford, as attorney in fact and Executor, had a fiduciary duty to the Plaintiffs, and other heirs of Evelyn Bradford to preserve the estate of Evelyn Bradford as required by the Alabama Uniform Power of Attorney Act and to take no action that either commits waste of the assets or otherwise diminishes the value of the estate.

36. The attorney in fact has fiduciary duties which include, among other things, preservation of the assets of the estate, refraining from self-dealing, from making gifts from the estate, and not committing waste of estate assets.

37. Nick Bradford, as attorney in fact and/or executor breached his fiduciary duties to Evelyn Bradford and the Plaintiffs and other beneficiaries, causing the Plaintiffs and other beneficiaries damages. The conduct of Nick Bradford was in bad faith.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs seek compensatory damages for the diminished value in their intended distribution, mental anguish, interest, attorney's fees, and cost.

## CONVERSION

38. Upon information and belief, Plaintiffs aver that Nick Bradford wrongfully transferred assets of Evelyn Bradford for his own use and benefit in violation of Alabama law.

39. Nick Bradford knew or should have known that the assets he wrongfully transferred belonged in the Estate of Evelyn Bradford and would have passed by her Will to her three (3) children per stirpes.

40. Plaintiffs aver that Nick Bradford's wrongful conduct constitutes conversion committed with malice. Nick Bradford knew the intent of Evelyn Bradford and wrongfully took illegal action to gain possession.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs seek damages for compensatory and punitive damages in such amount as the fact finder may find, plus cost.

### JURY DEMAND

**The Plaintiffs hereby demands a JURY trial**

*/s/ William P. Traylor, III*
William P. Traylor, III
ASB-5762R79W
Attorney for Plaintiffs
**YEAROUT & TRAYLOR, PC**
3300 Cahaba Road, Suite 300
Birmingham, Alabama 35223
(t) 205.414.8160
(f) 205.414.8199
(e) ttraylor@yearout.net

*/s/Gregory E. Tolar*
Gregory E. Tolar
ASB-8156L64G
**TOLAR & TOLAR**
1034 E Main St
Prattville, AL 36066

**PLEASE SERVE DEFENDANT BY PROCESS SERVER AS FOLLOWS:**

**Charles N. Bradford, III**
**111 Oak Road**
**Fredericksburg, TX 78624**