IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAWN KEITH YOUNGBLOOD, as heir of Evelyn Bradford, Deceased and as Administrator Ad Litem of the estate of Evelyn Bradford, and RYAN KEITH ROHAN, as heir of Evelyn Bradford, Deceased,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CHARLES NICHOLAS BRADFORD, III,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 2:22-cv-386-JTA<br>) (WO)<br>)<br>)<br>)<br>)<br>) |

**ORDER TO SHOW CAUSE**

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be undertaken at the earliest possible stage in the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

On April 4, 2023, Plaintiffs filed an amended complaint in this action against Charles Nicholas Bradford, III ("Nick Bradford"). (Doc. No. 34.) The amended complaint listed the following as Plaintiffs: Shawn Keith Youngblood and Ryan Keith Rohan, as Heirs of Evelyn Bradford, and Shawn Keith Youngblood as Administrator Ad Litem of the

Estate of Evelyn Bradford. (*Id*. at 1.) The original complaint and amended complaint[1] allege the existence of subject matter jurisdiction based on the purported existence of diversity jurisdiction. (Doc. No. 1 at 3.)

"'Diversity jurisdiction requires complete diversity,' meaning that 'every plaintiff must be diverse from every defendant.'" *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Leyva v. Daniels*, 530 F. App'x 933, 934 (11th Cir. 2013). In reviewing the amended complaint, pending motions, and their associated evidentiary submissions, it has come to the Court's attention that the addition of Shawn Keith Youngblood, as Administrator Ad Litem of the Estate of Evelyn Bradford, may destroy complete diversity in this case. *See Ayala v. Dermaforce Partners*, LLC, No. 22-23000-CIV, 2023 WL 3674127, at *2 (S.D. Fla. May 26, 2023) (remanding an action because addition of an estate representative destroyed diversity).

28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."[2] In turn, the decedent "is deemed to be a citizen of the state in which she was domiciled at the time

---

[1] Against the Local Rules of this District, L.R. 15.1, Plaintiffs' amended complaint incorporates by reference "the factual allegations set forth" in the original complaint. (Doc. No. 34 at 1.) Unless otherwise indicated, the facts noted in this order are based on the jurisdictional allegations of the complaint and amended complaint, taking those allegations as true. In addition, where indicated, the Court has taken into consideration other supported allegations and evidentiary materials in the record as it is currently composed, including materials that appear to contradict the jurisdictional allegations of Plaintiffs' pleadings.

[2] The legal representative of the estate retains his personal citizenship for purposes of determining diversity jurisdiction to the extent that the legal representative sues in his personal capacity. *Levya*, 530 F. App'x at 934 (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994)). Plaintiffs, as individuals, are Alabama citizens, so their citizenship in their individual capacity does not destroy diversity.

Estate of Evelyn Bradford. (*Id*. at 1.) The original complaint and amended complaint[1] allege the existence of subject matter jurisdiction based on the purported existence of diversity jurisdiction. (Doc. No. 1 at 3.)

"'Diversity jurisdiction requires complete diversity,' meaning that 'every plaintiff must be diverse from every defendant.'" *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Leyva v. Daniels*, 530 F. App'x 933, 934 (11th Cir. 2013). In reviewing the amended complaint, pending motions, and their associated evidentiary submissions, it has come to the Court's attention that the addition of Shawn Keith Youngblood, as Administrator Ad Litem of the Estate of Evelyn Bradford, may destroy complete diversity in this case. *See Ayala v. Dermaforce Partners*, LLC, No. 22-23000-CIV, 2023 WL 3674127, at *2 (S.D. Fla. May 26, 2023) (remanding an action because addition of an estate representative destroyed diversity).

28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."[2] In turn, the decedent "is deemed to be a citizen of the state in which she was domiciled at the time

---

[1] Against the Local Rules of this District, L.R. 15.1, Plaintiffs' amended complaint incorporates by reference "the factual allegations set forth" in the original complaint. (Doc. No. 34 at 1.) Unless otherwise indicated, the facts noted in this order are based on the jurisdictional allegations of the complaint and amended complaint, taking those allegations as true. In addition, where indicated, the Court has taken into consideration other supported allegations and evidentiary materials in the record as it is currently composed, including materials that appear to contradict the jurisdictional allegations of Plaintiffs' pleadings.

[2] The legal representative of the estate retains his personal citizenship for purposes of determining diversity jurisdiction to the extent that the legal representative sues in his personal capacity. *Levya*, 530 F. App'x at 934 (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994)). Plaintiffs, as individuals, are Alabama citizens, so their citizenship in their individual capacity does not destroy diversity.

of her death." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (citing 28 U.S.C. § 1332(c)(2); *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994)). "A person's domicile is the place of 'h[er] true, fixed, and permanent home and principal establishment, and to which [s]he has the intention of returning whenever [s]he is absent therefrom.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).[3] "[A] change of domicile requires '[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely.'" *Id.* (quoting *Mas*, 489 F.2d at 1399). "Whether a change in domicile has occurred presents a question 'of compound fact and law.'" *Ayala*, 2023 WL 3674127, at *2 (quoting *Welsh v. Am. Sur. Co.*, 186 F.2d 16, 18 (5th Cir. 1951)).

Nick Bradford, the sole Defendant, is a resident of Texas. (Doc. No. 1 at 2 ¶ 4.) Complete diversity requires, then, that no Plaintiff be a resident of Texas. *Palmer*, 22 F.3d at 1564. If Evelyn Bradford, the deceased, was domiciled in Texas at the time of her death, then her estate (as represented by Plaintiff Shawn Youngblood) is a Texas citizen, diversity jurisdiction is lacking, and the action must be dismissed. *Univ. of S. Ala.*, 168 F.3d at 410 ("'[W]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868)).

Evelyn Bradford was born in 1933. (Doc. No. 1 at 2 ¶ 7.) It is undisputed that, in December 2021, Evelyn Bradford's health "started to decline," which "necessitated her move to Texas" in December 2021 so that she could be where her only living child at the time, Nick Bradford, resided. (*Id.*) It is further undisputed that, on May 20, 2022, she passed away in hospice care in Texas. (*Id.*) Yet, the amended complaint alleges that Evelyn Bradford was domiciled in Alabama at the time of her death, citing such facts as her ill health and elderly condition at the time of her move from Alabama to Texas, the fact that she did not sell her house in Alabama when she moved, the fact that she never registered to vote in Texas, and the fact that she never changed her driver's license in Texas. (Doc. No. 34 at 4 ¶ 9.) In addition, Plaintiffs allege that Evelyn Bradford never expressly declared an intent to permanently reside in Texas. (*Id.*) These allegations of citizenship are extremely weak under the circumstances. Evelyn Bradford's failure to sell her house, update her voter registration and driver's license, or expressly declare an intent to change domicile are not proof positive that she intended her stay in Texas to be less than "indefinite," particularly where, as Plaintiffs concede, the move was "necessitated" by age, declining health, and a need to stay near or with family. (Doc. No. 1 at 2 ¶ 7.)

Additionally, Evelyn Bradford was a hospice patient at the time of her death. Assuming she entered hospice with the requisite mental capacity, it is reasonable to assume that she entered hospice in Texas with the intention of remaining there indefinitely, since that is the inherent nature of hospice care.

Though Defendant Nick Bradford did not move for dismissal on grounds of lack of diversity jurisdiction, he nevertheless indicated in his motion to dismiss and motion to stay that Eleanor Bradford was domiciled in Texas at the time of her death. (Doc. No. 35 at 2-3.) In addition, Nick Bradford submitted into evidence a February 17, 2023 order of the Autauga County Probate Court, located in Alabama, finding that Evelyn Bradford "was domiciled in and a resident of Texas at the time of her death." [4] (Doc. No. 35-16 at 2.) While the Court does not at this time rely on that order as substantive proof that Eleanor Bradford was a citizen of Texas at the time of her death,[5] the order is, at the very least, a strong indication that this Court must inquire into the matter to ensure that diversity

---

[4] Nick Bradford also argues to this Court, as he did to the Autauga County Probate Court, that the Texas probate court "expressly found" that "'the allegations contained in the Application'" for probate of the will and letters testamentary "'are true.'" (*See, e.g.*, Doc. No. 35 at 3 (purporting to quote a September 12, 2022 Order of the Texas probate court); Doc. No. 35-11 at 2 ¶ 5 (same, in an amended petition before the Autauga County Probate Court)). However, the September 22, 2022 Texas probate court order to which Nick Bradford cites does not contain an "express finding" that "the allegations contained in the Application are true." (Doc. No. 35-1 at 10.) Thus, the Texas probate court did not "expressly" find as true, for example, Nick Bradford's allegation that Evelyn Bradford was domiciled in Texas at the time of her death. However, as the Texas probate court did expressly find venue and jurisdiction to be proper, the Texas probate court's order could support an inference that it credited Nick Bradford's jurisdictional allegations and found Evelyn Bradford was domiciled in Texas at the time of her death. Notably, Plaintiffs argue in a brief that she had no real or personal property in Texas at the time of her death. (Doc. No. 37 at 24.)

[5] *See United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) ("Judge Alaimo's order, in the context of this case, is hearsay evidence, under Fed. R. Evid. 801(c), and is not admissible unless it falls within one of the exceptions mentioned in the Federal Rules of Evidence."); *see also Lietzke v. City of Montgomery, AL*, No. 2:20-CV-1031-WKW-JTA, 2023 WL 5034148, at *14 (M.D. Ala. May 3, 2023) (relying on *Jones* in declining to take judicial notice of the contents of the Book of Life as substantive factual evidence against the defendants to justify Plaintiff's requested imposition of eternal punishment in the Lake of Fire), *report and recommendation adopted*, No. 2:20-CV-1031-WKW, 2023 WL 5022260 (M.D. Ala. Aug. 7, 2023). The Court at this time makes no findings as to hearsay; it simply declines to consider the February 17, 2023 order as proof of the matters asserted therein prior to allowing the parties to address the order's implications, if any, and the continued existence of diversity jurisdiction.

jurisdiction has not been destroyed by the addition of a representative of the Estate as a plaintiff.

On the whole, Plaintiffs' jurisdictional allegations and the evidence and information of record suggest that, at the time of her death, Evelyn Bradford had moved to or resided in Texas with the intention of remaining there indefinitely.

Accordingly, it is

ORDERED that **on or before April 1, 2024**, Plaintiffs shall file, in writing, information and evidence sufficient for the Court to determine where Evelyn Bradford was domiciled at the time of her death, and whether complete diversity is satisfied such that diversity jurisdiction may be established in accordance with 28 U.S.C. § 1332.

DONE this 15th day of March, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE