IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAWN KEITH YOUNGBLOOD, as heir of Evelyn Bradford, Deceased and as Administrator Ad Litem of the estate of Evelyn Bradford, and RYAN KEITH ROHAN, as heir of Evelyn Bradford, Deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>CHARLES NICHOLAS BRADFORD, III,<br><br>        Defendant. | CASE NO. 2:22-cv-386-JTA<br>(WO) |

## ORDER AND MEMORANDUM OPINION

Before the Court is the Motion to Dismiss and Motion to Stay (Doc. No. 35) filed by Defendant Charles Nicholas Bradford, III. Also before the Court is the Motion to Strike (Doc. No. 37) filed by Plaintiffs Shawn Keith Youngblood and Ryan Keith Rohan, as heirs of Evelyn Bradford, Deceased, and Shawn Keith Youngblood as Administrator Ad Litem of the estate of Evelyn Bradford. Upon consideration of the motions, for the reasons stated below, it is ORDERED that the Motion to Dismiss (Doc. No. 35) is DENIED WITHOUT PREJUDICE, the Motion to Stay (Doc. No. 35) is DENIED, and the Motion to Strike (Doc. No. 37) is DENIED AS MOOT.

In addition, Plaintiffs are ORDERED to file a second amended complaint, as further set out below.

## I. JURISDICTION

The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Subject matter jurisdiction is founded on diversity of citizenship. 28 U.S.C. § 1332. The parties are allegedly[1] completely diverse, and the amount in controversy is alleged to exceed $75,000.00. The parties do not contest venue or personal jurisdiction, and the Court finds sufficient grounds to support both in the United States District Court for the Middle District of Alabama, Northern Division.

## II. DISCUSSION

A.  Description of the Amended Complaint and Pending Motions

On April 4, 2023, Plaintiffs filed an Amended Complaint in this action. (Doc. No. 34.) The Amended Complaint listed the following as Plaintiffs: "Shawn Keith Youngblood and Ryan Keith Rohan, as Heirs of Evelyn Bradford, and Shawn Keith Youngblood as Administrator ad Litem of the Estate of Evelyn Bradford." (*Id*. at 1.)

The Amended Complaint is a shotgun pleading. The Amended Complaint does not indicate which Plaintiffs in which capacity (or capacities) are bringing which claims or seeking which relief. In addition, in opposition of Rule 10(b) of the Federal Rules of Civil Procedure, claims founded on different transactions and occurrences under materially different circumstances are somewhat confusingly lumped together in the same causes of action. Fed R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a

---

[1] By separate order entered this date, the Court has ordered Plaintiffs to file sufficient information and evidence to establish the existence of diversity jurisdiction.

separate transaction or occurrence ... must be stated in a separate count."). For example, a "Claim for Preliminary Injunction" is premised on various acts of Nick Bradford that are alleged to have occurred at different times and in different ways, some in his capacity as Executor of the Estate, and some pursuant to a power of attorney held before Evelyn Bradford's death.  (Doc. No. 34 at 12-14.)

Further, Plaintiffs do not adequately separate different causes of action and claims for relief into separate counts. For example, the Amended Complaint sets out a single list of claims for relief following a statement that Plaintiffs "assert causes of action against" Nick Bradford "for (a) abuse of confidential relationship, (b) undue influence, (c) breach of fiduciary duty, (d) conversion, (e) fraud, and (f) money had and received." (Doc. No. 34 at 6 ¶ 10.) All previous factual allegations of the Complaint and Amended Complaint are referenced as the basis of those five claims, with no delineation of which facts allegedly support which claims.

Finally, some claims may or may not be asserted twice. It is difficult to tell, for example, if claims for breach of fiduciary duty and conversion are duplicated, or if multiple such causes of action are being asserted. (Doc. No. 34 at 6, 14-16.)  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (including in a list of types of shotgun pleadings those "that commit[] the sin of not separating into a different count each cause of action or claim for relief" and those that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)

3

("This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts ... and is the type of complaint that we have criticized time and again.").

In sum, the Amended Complaint is a shotgun pleading because it does not adequately place the Court or Nick Bradford on notice of Plaintiffs' claims "and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

On April 18, 2023, Nick Bradford filed a Motion to Dismiss or Stay. (Doc. No. 35.) In it, he argues that many or all of Plaintiffs' claims are due to be dismissed for lack of jurisdiction on grounds that some of the claims are moot, the probate exception precludes exercise of jurisdiction over some claims and some forms of requested relief, and Plaintiffs lack standing as to some claims and some forms of requested relief. (Doc. No. 35.) Nick Bradford also argues that Plaintiffs are not the real parties in interest as to some claims and some forms of requested relief. (*Id.*) In addition, he argues that claims for conversion are due to be dismissed on grounds that Alabama does not recognize a cause of action for conversion of real property. (Doc. No. 35 at 16.) He also seeks dismissal of damages claims for mental anguish with respect to breach of fiduciary duty on grounds that those damages are not recovery under Alabama law. (*Id*. at 16-17.) Finally, he seeks a stay of the action pending the outcome of probate proceedings in Texas and ancillary probate proceedings in Autauga County, Alabama. (*Id*. at 16-17.)

In their response to the Motion to Dismiss or Stay, Plaintiffs include a Motion to Strike an affidavit filed by Nick Bradford in support of his Motion to Dismiss. (Doc. No. 37.)

4

B.	Analysis and Disposition of the Amended Complaint and Pending Motions

The Court has the obligation to *sua sponte* take the steps necessary to accurately evaluate its own jurisdiction at the earliest possible stage of the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Further, if jurisdiction is lacking, the Court cannot rule on the substantive viability of causes of action or claims for relief. *Id*. at 410 ("'[W]ithout jurisdiction[,] the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868)).

In addition, the Court has a separate obligation to *sua sponte* exercise its inherent powers to remedy a shotgun pleading where necessary to manage its docket to achieve the orderly disposition of this case. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) ("As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation."). "In the long term ... the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined." *Johnson Enters.*, 162 F.3d at 1333. "If the trial judge does not quickly demand repleader, all is lost," for a shotgun complaint inevitably leads to "a massive waste of judicial and private resources." *Id*. "Experience teaches that, unless cases are pled clearly

5

and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Therefore, where a shotgun complaint risks hindering joinder of the issues, evaluation of the plaintiff's claims, and the fair and efficient management of the case, the Court must *sua sponte* order repleader where, as here, the defendant has chosen not to move for a more definite statement. *Id.*; *see also Magluta*, 256 F.3d at 1285 (directing the district court on remand to strike the shotgun complaint "and require a repleading of all claims in a complaint that respects the requirements" of the Federal Rules of Civil Procedure, and counseling against "piecemeal adjudication" of claims in a shotgun complaint that may be subject to dismissal under Rule 12(b)(6) while "leaving for another day a decision about the other claims"); *Johnson Enters.*, 162 F.3d at 1333 (emphasizing the court's "power and duty" to intervene *sua sponte* in cases of shotgun pleading to narrow the issues and "prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined"); *Reese v. Weidplas N. Am., LLC*, No. 3:18-cv-793-WKW-SRW, 2019 WL 13299344, at *3 (M.D. Ala. 2019) ("The district courts have the inherent authority to require plaintiffs to define the scope of their claims and, indeed, it is the courts' duty to do so at the earliest practicable stages of litigation."); *Hatfield v. Cadence Bank*, No. 3:23-cv-202-RAH-JTA, September 8, 2023 Order (Doc. No. 24 at 3-4) (collecting cases and explaining the court's inherent power and duty to ensure that the pleadings are not "so

deficient as to risk significantly inhibiting joinder of the issues, trial, and effective case management," even where the complaint is not subject to review under 28 U.S.C. § 1915(e)(2)(B)); *see also Anderson*, 77 F.3d at 367 n.5 (noting that, where defendants opted not to move for a more definite statement, "on examining [the] pleadings, the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement" because the complaint so failed to comply with the rules of pleading that it prevented effective joinder and disposition of the relevant issues in the case).

After expending time and judicial resources laboring over the pending motions and scrutinizing the Amended Complaint, the Court concludes that the shotgun nature of the Amended Complaint significantly inhibits joinder of the issues, effective case management, and an accurate, complete examination into whether the Court has subject matter jurisdiction over each cause of action and each claim for relief asserted by each Plaintiff. For example, it is prohibitively difficult to evaluate the standing of each Plaintiff—and which Plaintiff(s) may be the real party in interest—when the Court cannot fully discern which claims and which requests for relief are asserted by which Plaintiff(s) in which capacity.

Therefore, Plaintiffs must file a second amended complaint that meets the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. *See Anderson*, 77 F.3d at 367 n.5; *see also Dietz*, 579 U.S. 40 at 45-46 (noting that "the exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's

7

fair administration of justice," and it must not be contrary to the Court's powers as expressly granted in any statute or rule (quoting *Degen v. United States*, 517 U.S. 820, 823–824 (1996)).

Though Plaintiffs have not yet filed a second amended complaint, they are required to do so, and they will either file one or face dismissal of this action. In any event, this case will not proceed on the Amended Complaint, which is an impermissible shotgun pleading. Therefore, the pending Motion to Dismiss the Amended Complaint (Doc. No. 35) is directed at a defunct pleading and is itself due to be dismissed as moot without prejudice to raise the arguments therein in response to the second amended complaint. *See Decker v. Jones*, No. 2:19-cv-759-WKW-JTA, 2022 WL 18715945, at *4 (M.D. Ala. Dec. 6, 2022) (referencing "the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading"[2] (citations omitted)), *report and recommendation adopted sub nom. Decker v. Alabama Dep't of Corr.*, No. 2:19-cv-759-WKW, 2023 WL 1997707 (M.D. Ala. Feb. 14, 2023); *Geathers v. Bank of Am., N.A.*, No. 1:14-CV-00850, 2015 WL 348852, at *1 (N.D. Ga. Jan. 26, 2015) (adopting the recommendation of the magistrate judge to dismiss as moot a dispositive motion directed at a complaint that had been superseded by amendment).

---

[2] Local Rule 15.1 provides that, "except by leave of court," an amended pleading "must ... reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference."

Plaintiffs' motion to strike (Doc. No. 37) is likewise due to be denied as moot. It is directed at evidence submitted in support of the Motion to Dismiss (Doc. No. 35), which in turn is moot because it is directed at a defunct pleading.

The Court will exercise its discretion to deny Nick Bradford's Motion to Stay, in which he seeks a stay of this action pending the outcome of the probate proceedings in Texas and the ancillary probate proceedings in Autauga County, Alabama. (Doc. No. 35.) The Court "has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Further, '[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). Still, the Court is obligated to inquire into its jurisdiction at the earliest possible opportunity, and, if jurisdiction is lacking, the Court can do nothing else but dismiss this action. *Univ. of S. Ala.*, 168 F.3d at 410. The Motion to Dismiss raises jurisdictional concerns, *e.g.*, mootness, standing, and the probate exception to jurisdiction. (Doc. No. 35.) Additionally, the Court is today separately *sua sponte* ordering Plaintiffs to demonstrate the existence of diversity jurisdiction. A stay of the case at this juncture[3] would be antithetical to the Court's obligations to ensure, at the earliest possible opportunity, that a case does not remain on the docket despite a lack of subject matter jurisdiction.

Accordingly, it is ORDERED as follows:

---

[3] This order does not necessarily preclude any party from filing a motion to stay, if appropriate, after resolution of the jurisdictional issues.

1. The Motion to Dismiss (Doc. No. 35) is DENIED without prejudice to raise the arguments therein in response to the second amended complaint.

2. The Motion to Stay (Doc. No. 35) is DENIED.

3. The Motion to Strike (Doc. No. 37) is DENIED AS MOOT.

4. **Not later than 21 days** after entry of an order determining the existence of diversity jurisdiction, Plaintiffs shall file a second amended complaint that is not a shotgun pleading and that comports with Rules 8 and 10 of the Federal Rules of Civil Procedure and with Local Rule 15.1. This includes (but is not limited to) the requirement that Plaintiffs provide "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and that, "[i]f doing so would promote clarity,[4] *each claim founded on a separate transaction or occurrence* ... must be stated in a separate count," Fed. R. Civ. P. 10(b) (emphasis added).

DONE this 15th day of March, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] Doing so would very much promote clarity.