IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAWN KEITH YOUNGBLOOD, as heir of Evelyn Bradford, Deceased and as Administrator Ad Litem of the estate of Evelyn Bradford, and RYAN KEITH ROHAN, as heir of Evelyn Bradford, Deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:22-cv-386-JTA (WO) |
| CHARLES NICHOLAS BRADFORD, III, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiffs' Stipulation of No Diversity and Motion to Dismiss Without Prejudice. (Doc. No. 44.) For the reasons stated below, the motion is due to be granted.

## I.    JURISDICTION

The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). In their pleadings, Plaintiffs alleged that the Court has subject matter jurisdiction solely based on of diversity of citizenship. (Doc. No. 1 at 1; Doc. No. 34 at 1.) 28 U.S.C. § 1332. The parties do not contest venue or personal jurisdiction, and the Court finds sufficient grounds to support both in the United States District Court for the Middle District of Alabama, Northern Division.

## II.     STANDARD OF REVIEW

Subject matter jurisdiction is the power of a court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 … (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

*Id.* at 513 (footnote omitted).

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) bring either "facial attacks" or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *Id*. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id*.

*Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

## III.   DISCUSSION

On April 4, 2023, Plaintiffs filed an amended complaint in this action against Charles Nicholas Bradford, III ("Nick Bradford"). (Doc. No. 34.) The amended complaint listed the following as Plaintiffs: Shawn Keith Youngblood and Ryan Keith Rohan, as Heirs of Evelyn Bradford, and Shawn Keith Youngblood as Administrator Ad Litem of the Estate of Evelyn Bradford. (*Id*. at 1.) The original complaint and amended complaint allege the existence of subject matter jurisdiction based on the purported existence of diversity jurisdiction. (Doc. No. 1 at 3.)

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be undertaken at the earliest possible stage in the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Further, "'[d]iversity jurisdiction requires complete diversity,' meaning that 'every plaintiff must be diverse from every defendant.'" *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Leyva v. Daniels*, 530 F. App'x 933, 934 (11th Cir. 2013). As explained more fully in the Court's March 15, 2024 Order to Show Cause (Doc. No. 42), in reviewing the amended complaint, then-pending motions, and their associated evidentiary submissions, it appeared to the Court that the addition of Shawn Keith Youngblood, as Administrator Ad Litem of the Estate of Evelyn Bradford, may have destroyed complete diversity in this case. *See*

*Ayala v. Dermaforce Partners*, LLC, No. 22-23000-CIV, 2023 WL 3674127, at *2 (S.D. Fla. May 26, 2023) (remanding an action because addition of an estate representative destroyed diversity). Therefore, on March 15, 2024, the Court "[ordered] that on or before April 1, 2024, Plaintiffs shall file, in writing, information and evidence sufficient for the Court to determine where Evelyn Bradford was domiciled at the time of her death, and whether complete diversity is satisfied such that diversity jurisdiction may be established in accordance with 28 U.S.C. § 1332." (Doc. No. 42.)

On April 1, 2024, Plaintiffs filed their Stipulation of No Diversity and Motion to Dismiss Without Prejudice, which the Court construes as a response to the March 15, 2024 Order to Show Cause. (Docs. No. 42, 44.) In it, Plaintiffs acknowledge that, at the time of her death, Evelyn Bradford was "living in Texas when she died, and, as the result, diversity of all parties no longer exists." (Doc. No. 44.) Taking into consideration the context of the March 15, 2024 Order to Show Cause (Doc. No. 42) to which Plaintiffs' filing constitutes a response, the Court interprets this as an acknowledgement that Evelyn Bradford, the deceased, was domiciled in Texas at the time of her death, and, therefore, that diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332(c)(2) (providing that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (citing 28 U.S.C. § 1332(c)(2) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death.").

4

Because it is now undisputed that Evelyn Bradford was domiciled in Texas at the time of her death, the Court finds that diversity jurisdiction is lacking. 28 U.S.C. 1332(c)(2); *King v. Cessna Aircraft Co.*, 505 F.3d at 1170. Thus, the case is due to be dismissed for lack of subject matter jurisdiction. *Univ. of S. Ala.*, 168 F.3d at 410 ("'[W]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868))

## V.   CONCLUSION

Accordingly, it is ORDERED that Plaintiffs' Motion to Dismiss Without Prejudice (Doc. No. 44) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Final judgment will be entered separately.

DONE this 2nd day of April, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE